## STEPHEN GILPEN V. E. LEKSELL.

GROWING CROP—*Pledge—Payment—Lien.* Where a part of a growing crop is reserved or pledged in a written contract with a creditor as collateral security to him for the payment of an existing debt, and subsequently the debt, with the voluntary consent of the parties, is canceled and satisfied, such former creditor has thereafter no claim or lien upon the crop under his written contract, as his debt is extinguished.

*Error from McPherson District Court.*

ON April 13, 1887, *Stephen Gilpen* filed his amended petition, complaining of *E. Leksell,* substantially as follows: That on November 11, 1885, he (Gilpen) entered into a written agreement with one P. J. Johnson, agreeing to sell certain lands described therein, Johnson agreeing to reserve or pledge to Gilpen as collateral security one-half of the crops raised on said land, or the proceeds of the sale of one-half of the crops, for the payment of the notes given by Johnson to Gilpen in payment of the land. This controversy arises over the crop raised on this land during the season of 1886, which was 40 acres of broom corn. The written agreement between Johnson and Gilpen was never recorded. During the spring season of 1886, Johnson, who was a farmer, and quite poor, arranged with Leksell, who was a merchant, by which Leksell was to furnish Johnson with groceries, seed, and some money, to enable him to plant, sow and harvest his crop, Leksell requiring Johnson, however, to give him a chattel mortgage on the crops to secure the payment of such advances. The chattel mortgage was given to Leksell by Johnson, and when the 40 acres of broom corn had been harvested and baled, Leksell took possession of the 40 acres of corn, and sold it for about $400. Gilpen demanded of Leksell the payment of one-half of the proceeds of the sale of the crops, under his written agreement with Johnson. Leksell refused to pay Gilpen any part of the proceeds of the sale. Hence, this suit. Gilpen alleged his lien, Leksell's knowledge of it,

his appropriation of its value to the amount of about $400, and asked judgment for his share thereof.

It appeared during the trial, by Gilpen's own testimony, that "the land is mine [his], and has been all the time." He remortgaged it, making the new mortgage enough larger to pay him $400 out of it. The land also advanced in price so that Gilpen wanted it back. Both he and Johnson testified that there was an absolute, unconditional rescission of the contract. The notes were surrendered to Johnson and the contract to Gilpen. Johnson moved off, and delivered possession of the land to Gilpen. Only two witnesses testified in the case, Gilpen and Johnson, and when Gilpen rested his case Leksell demurred to the evidence, and the court sustained the demurrer, and directed the jury to render a verdict for defendant, in the following language:

"It appearing from the testimony of Gilpen and his witness, P. J. Johnson, that, since the commencement of this action, Gilpen and Johnson had effected a settlement of the debt due from Johnson to Gilpen on account of the land sale, that Gilpen had taken the land back from Johnson, and Johnson had received back his notes from Gilpen, with no reservation of the claim of indebtedness as against Leksell, and as Johnson owed Gilpen nothing, consequently Leksell owed Gilpen nothing, and the debt claimed in this case as due from Leksell to Gilpen was settled and paid."

This ruling is assigned as error, and *Gilpen* brings the case here for review.

*Frank G. White*, for plaintiff in error.
*Milliken & Galle*, for defendant in error.

The opinion of the court was delivered by

HORTON, C. J.: It appears from the written agreement entered into on the 11th of November, 1885, between Stephen Gilpen and P. J. Johnson, that the crops in controversy were to be regarded and reserved as collateral security for certain notes executed by Johnson to Gilpen in payment for the land purchased by the former from the latter. Subsequently Gil-

pen took back the land, and returned to Johnson his notes. Thereafter Johnson was not indebted to Gilpen, and, upon the uncontradicted evidence in the case, it is shown that Johnson owed Gilpen nothing upon the notes, or otherwise. As the debt from Johnson to Gilpen had been canceled and satisfied by the agreement of the parties, the collateral security for the payment thereof cannot be claimed by Gilpen. The debt having ceased to exist, Gilpen has no lien upon the crops for the payment thereof. The judgment will be affirmed.

All the Justices concurring.